UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHAQUILLE DUGAN,<br><br>    Plaintiff<br><br> v.<br><br>HARPER, *et al.*,<br><br>    Defendants. | CIVIL ACTION NO. 3:25-CV-01787<br><br>(MEHALCHICK, J.) |

**MEMORANDUM**

Before the Court is a complaint filed by Plaintiff Shaquille Dugan ("Dugan") and a motion to proceed in the above captioned action *in forma pauperis*. (Doc. 1; Doc. 2). The Court will grant Dugan's motion to proceed *in forma pauperis* and screen the complaint pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2). The Court will dismiss the claims brought under the Federal Tort Claims Act ("FTCA") and serve the complaint on the named Defendants.

**I. BACKGROUND AND PROCEDURAL HISTORY**

Dugan filed a complaint with this Court dated September 17, 2025. (Doc. 1). The Court received and docketed the complaint on September 24, 2025. (Doc. 1). In this complaint Dugan alleges that on March 21, 2025 at that State Correctional institution Benner Township ("SCI-Benner Township"), he was escorted to security by the Lieutenant and three unknown officers during a Restricted Housing Unit ("RHU") escort on the orders of Captain Harper. (Doc. 1, at 5). Dugan states that once inside the security office, he instructed the Correctional Officer with the handheld camera to turn the camera off. (Doc. 1, at 5). When the camera was off, he alleges that Caption Harper told him that "if you show your dick to another female

in my jail again I will bury you in the RHU and not transfer you," and Captain Harper then punched him multiple times in the chest and rib area. (Doc. 1, at 5). He states that Captain Harper then pulled him up and an unknown officer kicked him in the groin. (Doc. 1, at 5). As defendants, Dugan names Captain Harper and four John Doe officers who escorted him to the security office. (Doc. 1, at 2-3). Dugan is raising an Eighth Amendment cruel and unusual punishment claim against Captain Harper and Eighth Amendment deliberate indifference claims against the four officers who escorted him to the security office. (Doc. 1, at 6). Dugan also checked the boxes on the first page of complaint alleging civil rights action under 42 U.S.C. § 1983 and the FTCA. (Doc. 1, at 1).

Dugan also filed a motion to proceed *in forma pauperis*. (Doc. 2). On October 8, 2025, the Court received and docketed a prisoner trust fund account statement. (Doc. 7). The Court will grant the pending motion to proceed *in forma pauperis* and screen the complaint.

**II.    STANDARD OF REVIEW**

Under 28 U.S.C. § 1915A, the Court is obligated, prior to service of process, to screen a civil complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a); *James v. Pa. Dep't of Corr.*, 230 Fed. App'x 195, 197 (3d Cir. 2007) (not precedential). The Court must dismiss the complaint if it fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1); *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010). The Court has a similar obligation with respect to actions brought *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2). In this case, because Dugan is a prisoner suing a governmental employee and brings his suit *in forma pauperis*, both provisions apply. In performing this mandatory screening function, a district court applies the same standard applied to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil

Procedure. *Mitchell*, 696 F. Supp. 2d at 471; *Banks v. Cty. of Allegheny*, 568 F. Supp. 2d 579, 588 (W.D. Pa. 2008).

  Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To assess the sufficiency of a complaint on a Rule 12(b)(6) motion, a court must first take note of the elements a plaintiff must plead to state a claim, then identify mere conclusions which are not entitled to the assumption of truth, and finally determine whether the complaint's factual allegations, taken as true, could plausibly satisfy the elements of the legal claim. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011). In deciding a Rule 12(b)(6) motion, the court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

  After recognizing the required elements which make up the legal claim, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The plaintiff must provide some factual ground for relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Thus, courts "need not credit a complaint's 'bald assertions' or 'legal conclusions' . . . ." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Securities Litigation*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). Nor need the court assume that a plaintiff can prove facts that the plaintiff has not alleged.

*Associated Gen. Contractors of Cal. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983).

A court must then determine whether the well-pleaded factual allegations give rise to a plausible claim for relief. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Palakovic v. Wetzel*, 854 F.3d 209, 219-20 (3d Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted); *see also Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010). The court must accept as true all allegations in the complaint, and any reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). This "presumption of truth attaches only to those allegations for which there is sufficient factual matter to render them plausible on their face." *Schuchardt v. President of the United States*, 839 F.3d 336, 347 (3d Cir. 2016) (internal quotation and citation omitted). The plausibility determination is context-specific and does not impose a heightened pleading requirement. *Schuchardt*, 839 F.3d at 347.

Additionally, Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Thus, a well-pleaded complaint must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action. There is no requirement that the pleading be specific or probable. *Schuchardt*, 839 F.3d at 347 (citing *Phillips v. County of Allegheny*, 515 F.3d at 224, 233-234 (3d Cir. 2008). Rule 8(a) requires a "showing that 'the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551

U.S. 89, 93-94 (2007) (quoting Fed. R. Civ. P. 8(a)(2)); *see also Phillips*, 515 F.3d at 233 (citing *Iqbal*, 550 U.S. at 545).

      With the aforementioned standards in mind, a document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Further, the Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

**III.  DISCUSSION**

      The Court will dismiss the FTCA claims raised in the complaint.

      "The FTCA offers a limited waiver of the federal government's sovereign immunity from civil liability for negligent acts of government employees acting within the scope of their employment." *Rinaldi v. United States*, 904 F.3d 257, 273 (3d Cir. 2018); *see also* 28 U.S.C. § 1346(b)(1). Here, Dugan is challenging the actions of state employees at a state facility. Therefore, the FTCA is not the applicable to the actions alleged in Dugan's complaint. Thus, the FTCA claims will be dismissed with prejudice.

**IV.    CONCLUSION**

  For the above stated reasons, the Court will grant Dugan's motion to proceed *in forma pauperis*, screen the complaint, and dismiss the FTCA claims with prejudice. The Court will order service of the complaint on the only named Defendant, Captain Harper.

  An appropriate order follows.


Dated: October 22, 2025           *s/ Karoline Mehalchick*
                    **KAROLINE MEHALCHICK**
                    **United States District Judge**