**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

SHAQUILLE DUGAN,

                Plaintiff

     v.

HARPER, *et al.*,

              Defendants.

CIVIL ACTION NO. 3:25-CV-01787

(MEHALCHICK, J.)

**ORDER**

Before the court is a motion for appointment of counsel submitted by the pro so Plaintiff Shaquille Dugan ("Dugan"). (Doc. 19). For this reason, and the reasons discussed below, the court grants Plaintiff's motion and conditionally appoints counsel.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Dugan, a self-represented individual who is presently housed at a State Correctional Institution Fayette ("SCI-Fayette"), filed this action pursuant to 42 U.S.C. § 1983 in September of 2025, alleging a violation of his constitutional rights stemming from an incident involving multiple guards at SCI-Benner Township pulling him into a private room and assaulting him. (Doc. 1). Dugan is proceeding *in forma pauperis* in this action. (Doc. 11). Discovery is currently in progress. Dugan has filed a motion for appointment of counsel and submitted school documentation that while in elementary school, he was on an Individualized Education Program with an underlying diagnosis of mental retardation. (Doc. 19-2). He asserts that he is unable to afford counsel, his imprisonment will greatly limit his ability to litigate, the case will require him to present evidence and cross-examine

witnesses, that counsel is better equipped to explain legal principles, and that he has carried the diagnoses of mental retardation his whole life. (Doc. 19).

## DISCUSSION

Although prisoners have no constitutional or statutory right to appointment of counsel in a civil case, the court has discretion to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); *see Houser v. Folino*, 927 F.3d 693, 697 (3d Cir. 2019). The appointment of counsel is a privilege, not a statutory or constitutional right. *Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However, representation by counsel may be appropriate under certain circumstances after a finding that the plaintiff's case has arguable merit in fact and law. *Tabron*, 6 F.3d at 155. If the court finds that the plaintiff has crossed this threshold inquiry, the court should consider the following factors in deciding whether to request a lawyer to represent an indigent plaintiff:

(1)   the plaintiff's ability to present his or her own case;
(2)   the complexity of the legal issues;
(3)   the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;
(4)   the plaintiff's ability to retain counsel on his or her own behalf;
(5)   the extent to which a case is likely to turn on credibility determinations, and;
(6)   whether the case will require the testimony of expert witnesses.

*Tabron*, 6 F.3d at 155-57. This list of factors is non-exhaustive, and no single factor is determinative. *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002) (citing *Parham v. Johnson*, 126 F.3d 454, 458 (3d Cir. 1997)). Instead, these factors serve as guideposts for the district courts to ensure that the precious commodity of volunteer attorney time is not "wasted on frivolous cases." *Montgomery*, 294 F.3d at 499.

2

Based on Dugan's alleged educational history and the fact that this case will likely turn on credibility determinations, the court finds it appropriate to conditionally appoint counsel at this time.

CONCLUSION

Accordingly, on this 2nd day of April 2026, **IT IS ORDERED THAT**:

1. Plaintiff's motion for appointment of counsel, Doc. 93, is conditionally **GRANTED**, provided that a member of the *Pro Bono* panel of the Middle District of Pennsylvania Chapter of the Federal Bar Association agrees to volunteer to represent Plaintiff. Plaintiff is advised that locating *pro bono* counsel may take some time; he will be notified in writing of the results of the search for counsel as soon as possible. The *Pro Bono* Coordinator for the Middle District of Pennsylvania Chapter of the Federal Bar Association shall report to the Court on the progress of identifying *pro bono* counsel on or before **June 30, 2026**.

2. The deadlines set forth in the Court's March 2, 2026 order (Doc. 22) are hereby **STAYED** pending an order of the Court.

3. If the Court is unsuccessful in its efforts to locate *pro bono* counsel to represent Plaintiff, he shall continue as a self-represented litigant, and this order conditionally granting the motion for appointment of counsel will be vacated.

4. If Defendants have not yet deposed Plaintiff pursuant to the Court's March 2, 2026 order (Doc. 22), Defendants shall refrain from deposing Plaintiff until an attorney has entered a notice of appearance or this order has been vacated.

5. A copy of this order will be served upon the *Pro Bono* Coordinator for the Middle District of Pennsylvania Chapter of the Federal Bar Association.

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States District Judge**